## Yoffe Estate (No. 2)

282

282

*Wiest & English*, for petitioner.

*Lark, Makowski & Marateck*, for respondent.

TROUTMAN, J., October 8, 1956.—On August 15, 1955, petitioner, William H. Ressler, executor under the last will and testament of Simon Yoffe, deceased, filed a petition under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, as amended, for the purpose of determining whether he should liquidate the estate of the said Simon Yoffe, deceased, and bring an action against one Joseph Wruble on account of moneys owed to the estate of said decedent by reason of the nonpayment of certain loans made to the said Joseph Wruble by decedent in his lifetime or to abstain from the same.

A hearing was held on said petition, testimony taken and the petition was so proceeded in that on May 10, 1956, this court entered a decree directing petitioner to abstain from proceeding with the liquidation of the estate of said decedent for a period of six months from the date of said decree, upon certain conditions, and at the close of said period of six months petitioner should review the financial condition of the said Joseph Wruble for the purpose of securing a reduction on account of principal and if the same could not then be reduced, petitioner should then take such appropriate action as would best conserve the interests of the estate and heirs.

On August 13, 1956, William H. Ressler presented his petition to this court praying that a citation issue

directed to the widow and legatees and devisees of the said Simon Yoffe, deceased, to show cause why the order of this court dated May 10, 1956, should not be amended by directing the said executor to accept from the said Joseph Wruble the sum of $5,500 in settlement and compromise of all claims which the estate of Simon Yoffe, deceased, may have against the said Joseph Wruble. No answer to the said petition was filed by any of the respondents in the citation and at the hearing on said petition the widow, Bessie Yoffe, was the only respondent who appeared.

The record discloses that the attorney for the executor did cause to be sent a letter to each of the respondents setting forth that Joseph Wruble had made an offer to compromise the claims which the estate had against him for the sum of $5,500 and further advised that the widow, Bessie Yoffe, would agree to accept the compromise provided the sum tendered by the said Wruble would be paid to her and that she would receive, in addition, one third of the residuary estate. Two of the respondents, Benjamin Yoffe and Mrs. Bessie Wruble, returned letters to the executor authorizing him to accept $5,500 from Joseph Wruble in full satisfaction and payment of all claims the estate of Simon Yoffe may have against him and that upon distribution he be authorized to pay to Mrs. Bessie Yoffe the first $5,500 and also one third of any remaining assets.

At the hearings held on the present petition, the widow, Bessie Yoffe, objected to the acceptance of the sum of $5,500 from Joseph Wruble in full satisfaction and payment of the claims which the estate of Simon Yoffe has against him unless the parties in interest would agree that she be paid that sum in accordance with her counterproposal.

Since only two of the respondents have expressed themselves in writing that the offer of Wruble and the

counter offer of Mrs. Bessie Yoffe be accepted and there are five respondents who have made no expression, the court is without power or authority to decree the acceptance of the offer of Wruble conditioned upon the sum paid in settlement being awarded to the widow, Bessie Yoffe, upon distribution in addition to her right to one third of the remaining assets of the estate. The question then resolves itself whether the court should approve the offer of compromise made by Wruble to pay to the estate the sum of $5,500 in full settlement of all its claims against him.

At the hearing held on the instant petition, the testimony taken at a former hearing was admitted by reference. The record discloses that the financial condition of Wruble has not improved since the last hearing. He is engaged in installment selling of merchandise and much of the assets include installment accounts receivable, the value of which, upon a forced sale, would depreciate materially. Considering the testimony of the accountant, Samuel A.. Miller, at the previous hearing and the testimony taken at this hearing, the court is of the opinion that it is for the best interests of the estate and the parties interested in the same that the acceptance by the executor of the sum of $5,500 in full settlement of all claims the estate may have against Wruble should be approved.

The total claims which the estate has against Wruble amounted to $21,695.01 at the time of the death of Simon Yoffe. While Wruble has paid the interest on a promissory note in the sum of $5,500 held by the Market Street National Bank of Shamokin, he has made no payments of interest or principal on account of the mortgage of the West Ward Savings and Loan Association. The estate has already paid to the Savings and Loan Association the sum of $7,816.72 in interest and in reduction of principal on the mortgage in order to secure releases of the lien of the said mort-

gage from certain real estate sold by the executor. The present financial condition of Wruble clearly shows that he will not be able to materially reduce these obligations for many years to come and when one considers the debts due the estate together with his present financial condition, it is quite apparent that Wruble is insolvent.

We are of the opinion that if the claims were reduced to judgment and execution issued thereon, the estate would receive less than the amount now offered by Wruble. Undoubtedly, an execution against Wruble would lead to bankruptcy and any amount which the estate might salvage therefrom would only be received after considerable delay. We agree with the executor that the present cash offer is the best settlement that can be obtained either at this time or in the foreseeable future.

The citation issued in this case is directed to respondents requiring them to show cause, if any they have, why the order of this court dated May 10, 1956, in the declaratory judgment proceeding should not be amended directing the executor to accept from Joseph Wruble the sum of $5,500 in settlement and compromise of all claims which the estate of Simon Yoffe, deceased, may have against the said Joseph Wruble. While no party in interest has questioned the procedure in this case, the petition could have been filed under the provisions of section 513 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.513, which provides that the court may enter a decree authorizing a compromise or settlement of any claim, whether in suit or not, by or against the estate of decedent upon petition by the executor or any party in interest. We are of the opinion that the present petition can be considered as filed under the provisions of this section as well as for an amendment to the

decree already entered in the declaratory judgment proceeding.

Under all of the evidence and circumstances presented in this case, we are of the opinion that it will be better to accept a portion of the claim against Wruble in the sum of $5,500 rather than take chances on the recovery of the whole of the claim.

In relation to the counter-proposal made by the widow in this case that the entire amount offered by Wruble be paid to her, it may be still possible to work out a family settlement prior to distribution.

### Order

And now, to wit, October 8, 1956, the citation is hereby made absolute, the offer of Joseph Wruble to pay the sum of $5,500 in cash in settlement and compromise of all claims which the estate of the said Simon Yoffe, deceased, may have against him, is hereby approved and William H. Ressler, executor of the last will and testament of Simon Yoffe, deceased, is hereby directed to accept the said offer in full payment of all claims. Let an exception be noted for each respondent.